IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS J. KEVIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-766 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNITED STATES STEEL CORPORATION EXECUTIVE MANAGEMENT SUPPLEMENTAL PENSION PROGRAM, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Defendants' Motion to Dismiss (Doc. 8) will be denied.

The parties are in agreement, and the Court presently has no reason to doubt, that the disputes here involve Plaintiff's participation in an ERISA "top-hat" plan. Top-hat plans are "unfunded and [are] maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." Sikora v. UPMC, 876 F.3d 110, 112 (3d Cir. 2017). They do not invoke the fiduciary-duties typically presented in ERISA cases, and instead constitute "unilateral contract[s that] create[] vested rights in those employees who accept[] the offer[s] . . . contain[ed therein] by continuing in the company's employment until retirement." In re New Valley Corp., 89 F.3d 143, 149-50 (3d Cir. 1996) (citation to quoted source omitted). Plaintiff alleges that, unbeknownst to him, Defendants removed him from the top-hat plan in the year 2000, and only revealed this fact in 2019, shortly before his retirement.

At the onset, most of the case law cited by the parties, and uncovered by the Court, address the matters herein at the summary judgment stage, or later.  Defendants' attempts to "crack this nut" at the 12(b) stage can be described as ambitious, at the least.  In any event, dismissal presently is unwarranted.

Among other things, Plaintiff proceeds under the theory of promissory estoppel, which is recognized in this context.  *See* New Valley at 152 ("[w]e have recognized the viability of estoppel claims against ERISA plans in general, . . . and against top hat plans in particular") (citations omitted).  Plaintiff contends that, upon being entered into the top-hat plan in 1998, "he was informed that he would receive benefits as long as he worked for [Defendants] until he turned age 60."  Compl. (Doc. 1) at ¶ 53.  Indeed, the goal of the program was "to entice key executives/managers to continue their employment."  *Id.* at ¶ 3.  He alleges that, when he was removed from the program in the year 2000, neither he, nor his superiors, were informed.  *Id.* at ¶ 53.

Although Defendants since have identified a letter, dated February 23, 2000, purportedly advising Plaintiff that he had been removed from the program, he denies having received it; and he has identified documentation raising questions regarding the attendant circumstances.  *See id.* at ¶ 43 (noting that the letter was dated three months *prior* to the compensation committee's decision, in late May of 2000, to remove Plaintiff from the program); *compare* ltr. dated Feb. 23, 2000 (Doc. 1-3 at pg. 15 of 51) *with* "Secretary's Certificate" (Doc. 1-3 at pg. 13 of 51) (certifying, on August 24, 2000, removal of Plaintiff from program, per a compensation committee resolution passed on May 30, 2000).

To support his theory of promissory estoppel, Plaintiff must allege a material representation or omission; reasonable and detrimental reliance; and extraordinary

circumstances.  *See* New Valley at 153; *see also* Bruch v. Firestone Tire & Rubber Co., 828 F.2d 134, 149 (3d Cir. 1987) (indicating that, under ERISA, equitable estoppel may be established by either a material misrepresentation or an omission), *rev'd in part on other grounds*, 489 U.S. 101 (1989).  At this early stage in the proceedings, Plaintiff's allegations suffice.  *See* discussions *supra*; *see also* Compl. at ¶ 27 ("Plaintiff had been asked by several other employers and recruiters to leave [his employment] and join [a] competitor," and, "[e]ach time[,] Plaintiff declined because he believed he would be able to receive enhanced benefits" under Defendants' top-hat plan).[1]

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 8**) is **DENIED**.

IT IS SO ORDERED.


June 9, 2022                                           s/Cathy Bissoon
                                                       Cathy Bissoon
                                                       United States District Judge


cc (via ECF email notification):

All Counsel of Record

---

[1] To be sure, the weakest aspects of Plaintiff's case appear to be his presumed reliance on an *omission*, dating back as far as 19 years before his retirement; and his ability to establish extraordinary circumstances.  Although there is at least some legal authority for the proposition that an omission may be enough, the precedent fairly may be described as spotty, at best.  Also, Plaintiff's ability to establish "extraordinary circumstances," on the allegations and documentation currently presented, seems a rather high hurdle, indeed.  Plaintiff and his counsel should not confuse his ability to survive the relatively-lenient standards now applicable with an indication regarding his likelihood of ultimately prevailing.